T.C. Summary Opinion 2012-125

UNITED STATES TAX COURT

NEAL C. EVANS, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1263-12S.                    Filed December 26, 2012.

Neal C. Evans, pro se.

<u>Craig A. Ashford</u>, for respondent.

SUMMARY OPINION

SWIFT, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise noted, section references are to the Internal Revenue Code applicable for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not renewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies of $4,148 and $7,281 in petitioner's 2008 and 2009 Federal income tax, plus a penalty under section 6662(a) for each year. The primary issue for decision is whether certain expenses petitioner reported on his tax returns are deductible as ordinary and necessary expenses of a trade or business.

## Background

Some of the facts have been stipulated and are so found. At the time of filing the petition, petitioner resided in Utah.

In 2008 and 2009 petitioner was employed full time with a pest control company from which he received an annual salary of approximately $55,000.

On the side and apart from his employment, petitioner provided limited consulting services (side activity) relating to pest control on a dairy farm in Snowville, Utah, approximately 100 miles from Magna, Utah, where he lived. Petitioner's side activity generated total gross income of $1,500 for 2008 and $1,487 for 2009. In his side activity petitioner apparently provided consulting services only to one "client"--the dairy farm in Snowville.

Petitioner did not maintain any credible books and records relating to his side activity.

On his 2008 and 2009 Federal income tax returns, petitioner described his side activity as "food consultant", and he reported gross income therefrom of only $500 for 2008 and $1,487 for 2009. On Schedules C, Profit or Loss From Business, attached to his tax returns petitioner reported the following business expenses relating to his side activity:

| Expense | 2008 | 2009 |
|---|---|---|
| Advertising | $654 | $936 |
| Car and truck | 14,833 | 11,560 |
| Commissions and fees | 633 | 330 |
| Contract labor | 1,339 | 1,785 |
| Depreciation/sec. 179 | 12,207 | 88 |
| Insurance | 1,224 | 1,720 |
| Interest--other | 3,192 | 5,030 |
| Legal and professional | 1,500 | 2,749 |
| Office | 900 | 4,953 |
| Rental of vehicle and machinery | 345 | 438 |
| Rental of other business property | 120 | 1,878 |
| Travel, meals, and entertainment | 1,767 | 1,483 |
| Travel | -0- | 2,767 |
| Repairs and maintenance | -0- | 1,017 |
| Supplies | -0- | 1,633 |
| Taxes and licenses | -0- | 594 |
| Utilities | -0- | 1,145 |
| Other | 1,846 | 4,780 |
| Total | 40,560 | 44,886 |

- 4 -

In addition, on his 2008 tax return petitioner reported deductible business expenses of $250 for "returns and allowances" and $19,328 for business use of his home. On his 2009 return petitioner reported deductible business expenses of $377 for "returns and allowances" and $424 for business use of his home.

On audit, respondent disallowed all of the expense deductions petitioner claimed on his tax returns relating to his side activity in excess of the income received therefrom on the grounds that petitioner's side activity did not constitute a trade or business and also on the ground that petitioner had not substantiated the expenses relating thereto. At trial, without conceding that petitioner substantiated the expenses in dispute, respondent argues only that petitioner's side activity did not constitute a trade or business.

Discussion

With regard to an activity that does not constitute a trade or business or is not otherwise engaged in for profit taxpayers are limited to deductions equal to the amount of income from the activity. Sec. 183(a) and (b). Whether an activity is to be treated as a trade or business, on the one hand, or as a not-for-profit activity, on the other hand, depends on the particular facts and circumstances. Commissioner v. Groetzinger, 480 U.S. 23, 36 (1987). Under the regulations, among factors to consider are the manner in which the taxpayer conducted the activity, the

regularity of the activity, the expertise of the taxpayer, the time and effort expended in the activity, the taxpayer's history of income or losses from the activity, and elements of personal pleasure. See sec. 1.183-2(b), Income Tax Regs.

With regard to the relevant factors, petitioner has the burden of proof because he does not qualify under section 7491 for a shift to respondent of the burden of proof. See Rule 142(a).

Petitioner has not established that he conducted his side activity as a trade or business. Petitioner's testimony and other evidence were much too vague and inadequate to support a finding that his side activity constituted a trade or business.

Petitioner claims to have had a written business plan, but no such plan was produced at trial. Petitioner offered no written evidence of any marketing efforts, of advertising, or of profit projections.

With regard to large expenses reported for a home office, at trial petitioner admitted his calculation of approximately $19,000 for 2008 was significantly in error, and he provides no credible evidence for the business use of any portion of his home.

We conclude that petitioner is not entitled to business expense deductions for any of the reported expenses respondent disallowed.

Section 6662(a) and (b)(1) imposes a 20% penalty on the portion of a tax underpayment attributable to a taxpayer's negligence. Negligence is defined as a failure to make a reasonable attempt to comply with the Internal Revenue Code and as a lack of due care in preparation of a tax return. Sec. 6662(c); Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), aff'g T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), aff'd, 893 F.2d 656 (4th Cir. 1990).

Alternatively, section 6662(a) and (b)(2) imposes a 20% penalty on a substantial understatement of income tax, defined in section 6662(d)(1)(A) as an understatement that exceeds the greater of 10% of the tax required to be shown on a return or $5,000.

As a result of our holding in which we sustain respondent's deficiency determinations against petitioner, respondent has satisfied his burden of production with regard to the section 6662 penalties respondent determined against petitioner. Sec. 7491(c); Tyson v. Commissioner, T.C. Memo. 2009-176.

Petitioner has not offered credible evidence or arguments against imposition of the section 6662(a) negligence penalties, see Higbee v. Commissioner, 116 T.C.

438, 446-447 (2001), and we sustain respondent's penalty determinations against petitioner for 2008 and 2009.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.